## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY

| | |
|---|---|
| JERRY GRAHAM,<br><br>     Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC.,<br>an Ohio Corporation<br><br>     Defendant. | Case No.  2:22-cv-2227<br><br><br>**NOTICE OF REMOVAL** |

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), hereby gives notice of the removal of the above-captioned action from the District Court of Johnson County, Kansas, to the United States District Court, District of Kansas in Kansas City, pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a)-(b), and 1446 on the following grounds:

**FEDERAL QUESTION JURISDICTION**

1.   On April 15, 2020, Plaintiff filed a lawsuit in the District Court Johnson County in the State of Kansas, titled *Jerry Graham v. United Parcel Service, Inc.*, Civ. A. No. 22-CV-01827. A true and accurate copy of all process, pleadings and orders that have been filed and served upon UPS in the State Court Action, including the Summons and Complaint, are attached at Exhibit ("Ex.") A.[1]

2.   Plaintiff's Complaint alleges two counts: Count I: Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 § *et seq*; and Count II: Violation of the Kansas Wage Payment Act, K.S.A 44-313 *et seq*. *See* Ex. A, Petition, at ¶¶ 21, 25.

---

[1] The Court may take judicial notice of these documents as another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand." *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017), *quoting*, *United States v. Ahidley*, 486 F.3 1184, 1192 n. 5 (10th Cir. 2007).

3.      Plaintiff's Complaint thus alleges a civil action arising under the laws of the United States, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action may therefore be removed pursuant to 28 U.S.C. §§ 1331 and 1441(a).

4.      Plaintiff's Count I alleges Plaintiff was denied compensation for his break periods. *See* Ex. A, Petition, at ¶ 17. Count II merely incorporates the allegations in Count I with no additional substantive allegations. *See id*. at ¶ 23-24. Plaintiff's Count II alleging a state law claim thus arises from the same matter as Count I alleging a claim for violation of the laws of the United States. This Court therefore has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a).

### DIVERSITY JURISDICTION

5.      This Court also has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as follows.

6.      Plaintiff's Complaint alleges that he is a resident of the State of Missouri. *See* Ex. A, Petition, at ¶ 1. Plaintiff further alleges that Defendant is an Ohio corporation. *Id*. at ¶ 2.

7.      Defendant confirms via their Annual Report filed with the Kansas Secretary of State that UPS is an Ohio corporation, with its principal place of business in Georgia. *See* Ex. B – Annual Report.[2] Complete diversity of citizenship therefore exists between Plaintiff and Defendant. *See* 28 U.S.C. §§ 1332(a)(1), (c)(1).

8.      Plaintiff's Complaint specifically alleges damages in excess of $75,000.00 for each claim, including on its face up to forty-three years of unpaid break periods, liquidated damages, and attorney's fees. Although Defendant denies the allegations in the complaint, for the purposes of removal Plaintiff's claims establish that the amount in controversy exceeds the threshold required by 28 U.S.C. §§ 1332(a). *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (attorney's fees may be included when determining amount in controversy).

---

[2] The Court may take judicial notice of the Annual Report as it is a public record. *See Tal v. Hogan*, 453 F.3d 1244, 1264-65 and n. 24 (10th Cir. 2006) (records of secretary of state are public record of which court can take judicial notice).

9.      This action may therefore be removed pursuant to 28 U.S.C. §§ 1332 and 1441(a)-(b).

**VENUE IS PROPER**

10.     Plaintiff filed the action in the District Court of Johnson County, Kansas, and the alleged conduct occurred in Johnson County, s*ee* Ex. A at ¶ 3, where Plaintiff worked and where the relevant witnesses and documents are located. As such, venue properly lies in the United States District Court for the District of Kansas in Kansas City pursuant to 28 U.S.C. §§ 96, 1391(b)(2), and 1441(a), and U.S. District of Kansas Local Rule. 81.1(b).

**TIMELINESS OF REMOVAL**

11.     Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service or receipt of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

12.     Plaintiff filed his Complaint in the District Court of Johnson County, Kansas on April 15, 2022. Defendant was served on May 25, 2022. *See* Ex. A.

13.     This Notice of Removal is filed within thirty days after Defendant's receipt of the Summons and Complaint. Therefore, Defendant's Notice of Removal is timely in accordance with 28 U.S.C. §1446(b).

**NOTICE TO PLAINTIFF AND THE STATE COURT**

14.     Pursuant to 28 U.S.C. § 1446(d), Defendant will provide a copy of this Notice of Removal to the District Court of Johnson County, Kansas and to Plaintiff, through his counsel of record.

**WHEREFORE**, Defendant hereby removes this action from the District Court of Johnson County, Kansas, to the United States District Court, District of Kansas at Kansas City.

Dated: June 15, 2022

Respectfully submitted,

*/s/ Jeffrey D. Hanslick*
Jeffrey D. Hanslick, KS #22612
Direct: 816.627.4408
E-Fax: 816.817.2517
jhanslick@littler.com
Bonnie G. Birdsell, D. KS #78895
Direct: 816.627.4412
E-Fax: 816.817.1957
bbirdsell@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2022, a true and correct copy of the foregoing was electronically submitted via the Court's e-filing system and mailed by U.S. Mail, postage prepaid, to the following counsel:

Albert F. Kuhl
Law Office of Albert F. Kuhl
9393 West 110 Street
Suite 500
Overland Park, KS 66210
al@kcjoblawyer.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Jeffrey D. Hanslick*
**ATTORNEY FOR DEFENDANT**