IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERRY GRAHAM,**

       **Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC.,**

       **Defendant.**

Case No. 22-2227-DDC-ADM

**MEMORANDUM AND ORDER**

Before the court is defendant United Parcel Service, Inc.'s (UPS) Partial Motion to Dismiss (Doc. 7) and supporting memorandum (Doc. 8). Plaintiff Jerry Graham has responded (Doc. 13) and UPS replied (Doc. 18).

**I.   Background**

The following facts came from the Petition for Damages.[1] Doc. 1-1. The court accepts plaintiff's alleged facts as true and views all reasonable inferences in plaintiff's favor at this stage in the proceedings. *See Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Plaintiff is a former employee of UPS. Doc. 1-1 at 4 (Pet. ¶¶ 5, 14). He worked as a "Feeder Driver" for UPS for 43 years until he retired in April 2020. *Id.* (Pet. ¶ 14). Plaintiff alleges that UPS failed to pay him during his break period for each shift, while UPS paid younger Feeder Drivers for their break periods. *Id.* at 5 (Pet. ¶¶ 16–18).

Plaintiff asserts two claims against UPS for failing to pay for his break periods— violation of the Age Discrimination in Employment Act (ADEA) (Count I) and violation of the

---

[1] Plaintiff filed this action in Kansas state court, where the Kansas Code of Civil Procedure terms the plaintiff's initial pleading as the petition. *See* Kan. Stat. Ann. § 60-203. For consistency, the court uses that terminology here.

Kansas Wage Payment Act (KWPA) (Count II).  *Id.* at 4–7 (Pet. ¶¶ 12–30).  Here, UPS moves to dismiss only Count II—the KWPA claim.  Doc. 7.

Defendant asserts that plaintiff's terms and conditions of employment, including "rate of pay and availability of paid break periods" are subject to a collective bargaining agreement (CBA) between defendant and plaintiff's union.  Doc. 8 at 2–3 (citing Doc. 8-2).  UPS argues that because the CBA "expressly addresses paid breaks," the Labor Management Relations Act (LMRA) preempts plaintiff's KWPA claim completely, and thus, plaintiff fails to state a claim.  *Id.* at 1.

**II.   Legal Standard**

Under Rule 12(b)(6), a party may move to dismiss an action for failing "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion to dismiss the court must assume that the factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  And though this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, the Supreme Court has explained, "'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

**III.    Analysis**

Defendant makes two arguments to support its motion to dismiss Count II's KWPA claim:  1) § 301 of the LMRA completely preempts the KWPA claim, and 2) the NLRB retains exclusive jurisdiction over the KWPA claim under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959).  For reasons explained below, the court concludes that § 301 of the LMRA preempts plaintiff's claim in Count II.  Thus, the court doesn't reach the *Garmon* preemption argument.

Defendant first contends that federal law—specifically, the LMRA—preempts plaintiff's KWPA claim, so the court should dismiss plaintiff's state law claim.  Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  "This provision has been construed 'as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'"  *Rael v. Smith's Food & Drug Ctrs., Inc.*, 712 F. App'x 802, 804 (10th Cir. 2017) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)).  In *Lingle v. Norge Division of Magic Chef, Inc.*, the Supreme Court held that "application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement."  486 U.S. 399, 413 (1988).

The Tenth Circuit has explained that "when confronted with a § 301 preemption challenge to a state [law cause of] action, 'federal courts look beyond the allegations of the complaint . . . to determine whether the wrong complained of actually arises in some manner

from the breach of the defendants' obligations under a collective bargaining agreement.'" *Garley v. Sandia Corp.*, 236 F.3d 1200, 1211 (10th Cir. 2001) (quoting *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 530 (10th Cir. 1992) (further citations omitted)). Ultimately, preemption depends on "'whether evaluation of the [state law claim] is inextricably intertwined with consideration of the terms of the labor contract.'" *Rael*, 712 F. App'x at 804 (quoting *Allis-Chalmers Corp.*, 471 U.S. at 213).

Defendant argues that plaintiff's KWPA claim is inextricably intertwined with terms of UPS's collective bargaining agreement (CBA). It asserts that plaintiff's KWPA claim depends on interpreting this CBA to determine any compensation UPS might owe plaintiff based on the CBA's "rates of pay and paid breaks." Doc. 8 at 6. Thus, defendant argues, § 301 preempts plaintiff's KWPA claim.

Plaintiff responds, arguing that the court can resolve his state law claim without referring to the CBA, so § 301 doesn't preempt his claim. Plaintiff argues that his Petition doesn't refer to the CBA; instead, his claim seeks to recover unpaid wages for time worked, in violation of Kansas law. He argues that § 301 preemption applies when "interpreting a complex instance caught within an complex agreement[;]" and it doesn't apply to a "simple issue" like "what compensation is due for a day's work[.]" Doc. 13 at 5. And, plaintiff argues, interpreting the CBA to determine compensation UPS might owe plaintiff isn't the type of complex "interpretation" that requires preemption. *Id.* at 7 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994) ("the mere need to 'look to' the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301" (quoting *Lingle*, 486 U.S. at 413 n.12))).

The question presented by the current motion boils down to this question: whether the court could resolve the elements of plaintiff's KWPA claim without interpreting any term of the CBA. *See Rael*, 712 F. App'x at 807 (affirming district court holding that the LMRA preempted plaintiff's intentional infliction of emotional distress claim because interpreting the applicable CBA was necessary to determine whether plaintiff's supervisor's alleged conduct was outrageous). Defendant characterizes plaintiff's claim as "a breach of contract claim, which arises from a provision of the CBA that governs payment for break periods." Doc. 8 at 1. Naturally, the court couldn't evaluate a breach of contract claim without interpreting the contract. Plaintiff thus tries to characterize his claim differently. In plaintiff's terms, he's not suing for breach of contract; instead, he's suing under Kansas law to recover compensation for time worked. Whether plaintiff was entitled to paid breaks under the CBA is irrelevant, he argues, because Kansas law entitled him to payment—and, the fact that he was subject to the terms of a CBA as one of UPS's employees doesn't deprive him of that state law right.

The court agrees with defendant. Plaintiff's Petition claims that UPS violated the KWPA's mandate that an employer must pay "all wages due" to its employees. Kan. Stat. Ann. § 44-314(a); Doc. 1-1 at 6 (Pet. ¶ 25). Under the KWPA, "wages" are "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis less authorized withholding and deductions." Kan. Stat. Ann. § 44-313(c). Applying this law, plaintiff's KWPA claim will require the court to interpret the CBA to decide more than just a damages computation. The claim will require the court to interpret the CBA to determine plaintiff's schedule, the pay he was entitled to receive for breaks (if any), and the pay UPS properly withheld under the CBA. These KWPA questions are "'inextricably

5

intertwined'" with interpreting the CBA. *See Rael*, 712 F. App'x at 804 (quoting *Allis-Chalmers Corp.*, 471 U.S. at 213).

Our court recently held that the LMRA preempted a KWPA claim in a similar case. As Judge Broomes's opinion explained there:

> By definition [a KWPA] claim applies only to the period of employment . . . and requires resort to the CBA to determine the compensation to which [plaintiff] would be entitled for the "labor and services rendered" to [d]efendant. Additionally, the wages owed for work performed would be dependent in part upon amounts properly withheld by [d]efendant pursuant to the CBA.

*Ballou v. United Parcel Serv., Inc.*, No. 20-2640-JWB, 2021 WL 1056430, at *5 (D. Kan. Mar. 18, 2021) (citing Kan. Stat. Ann. § 44-319) (employer may withhold portion of wages pursuant to employment agreement). In *Ballou*, Judge Broomes concluded that because plaintiffs couldn't articulate "any basis independent of the CBA for determining the wages owed[,]" § 301 preempted the claim. *Id.* ("[P]reemption depends on 'whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'") (quoting *Allis-Chalmers*, 471 U.S. at 213)). The same goes for this case—plaintiff doesn't provide any basis independent of the CBA to determine wages owed or the amount defendant withheld improperly.

Plaintiff's argument—that the court need not interpret the CBA to evaluate his KWPA claim—seems to rely on the premise that Kansas law provides him a right to recover wages independent and distinct from his right to compensation under his employment contract. That's not correct. The KWPA requires employers to pay all wages due to their employees and directs employers "when and how those wages are paid." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011) (citing Kan. Stat. Ann. § 44-314). But, as Judge Lungstrum explained in *Garcia*, the KWPA "does not provide plaintiffs with any substantive rights, but simply provides a mechanism for plaintiffs to recover wages due." *Id.*; *see also Larson v. FGX*

*Int'l, Inc.*, No. 14-2277-JTM, 2015 WL 1034334, at *2 (D. Kan. Mar. 10, 2015) ("The KWPA thus provides a very general state-law mechanism for enforcing the payment of wages earned by employees."). The court thus concludes that applying this general state-law mechanism would require it to refer to and interpret the governing CBA. Thus, § 301 of the LMRA preempts Count II's KWPA claim.

After arguing that § 301 preempts plaintiff's KWPA claim, defendant asserts two other reasons why plaintiff's "§ 301 claim" should fail—to the extent the court might construe plaintiff's KWPA claim as a § 301 claim. First, defendant argues, the statute of limitations bars a § 301 claim. Doc. 8 at 6–7. Second, defendant argues, plaintiff doesn't allege facts sufficient to sustain a § 301 claim. *Id.* at 7–8. Plaintiff never addresses these arguments in his Opposition. *See* Doc. 13. The court doesn't need to address them either because plaintiff hasn't asserted a claim under § 301 of the LMRA. It's not the court's job to construe plaintiff's KWPA claim as something else. And since the court already has decided that § 301 preempts plaintiff's KWPA claim, the court doesn't need to reach defendant's other arguments.

## IV.  Conclusion

The court grants defendant's motion and dismisses with prejudice plaintiff's KWPA claim (Count II) because § 301 of the LMRA completely preempts that claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** UPS's Partial Motion to Dismiss (Doc. 7) is granted.

**IT IS SO ORDERED.**

**Dated this 30th day of December, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree_____
Daniel D. Crabtree
United States District Judge

7